UNITED STATES of America,
Appellee,

v.

Richard PITRE, Defendant–Appellant.

No. 07–4893–cr.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2008.

Jesse M. Siegel, New York, N.Y. for Appellant.

Nicholas S. Goldin, Assistant United States Attorney, of counsel (Katherine Polk Failla, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant appeals a conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

### I. Nexus with Interstate Commerce

Defendant contends that his crime lacked a sufficient nexus to interstate commerce. Defendant first argues that the federal criminal prohibition against being a felon in possession of a firearm exceeds Congress's powers under the Commerce Clause to the extent that it applies to possession where the only nexus to interstate commerce is that the gun, at some past time, has traveled in interstate commerce. Both the Supreme Court and our Court have made clear that there is a constitutionally sufficient nexus between being a felon a possession of a firearm and interstate commerce when that firearm has previously moved in interstate commerce. *See Scarborough v. United States*, 431 U.S. 563, 566–67, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977); *United States v. Sorrentino*, 72 F.3d 294, 297 (2d Cir.1995). Although, as Defendant argues, the Supreme Court has limited the reach of Congress's power under the Commerce Clause, it has not done so with respect to the type of specific jurisdictional basis present in the case before us. *See United States v. Lopez*, 514 U.S. 549, 561–62, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (citing *United States v. Bass*, 404 U.S. 336, 337, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971)).

Defendant next argues that 18 U.S.C. § 922(g) is, by its own terms, not satisfied

merely by the firearm in question having once crossed state lines, but rather requires a stronger connection to commerce than was alleged in the case before us. We have long held that 18 U.S.C. § 922(g)(1)'s "in and affecting commerce" element is satisfied by proof that the firearm that a defendant possessed had previously traveled in interstate commerce. *See, e.g., United States v. Palozie*, 166 F.3d 502, 504 (2d Cir.1999)(per curiam).

## II. Suppression

Defendant argues that the gun taken from his pocket and his subsequent statement should have be excluded as products of violation(s) of the Fourth Amendment and fruit of the poisonous tree. The police's initial conversation with Defendant was not a seizure and did not raise any Fourth Amendment concerns. *See Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *United States v. Glover*, 957 F.2d 1004, 1008 (2d Cir.1992). At the point in which the conversation evolved into more, it constituted a legitimate *Terry* stop based on a reasonable suspicion that Defendant was trespassing. *See Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also Illinois v. Wardlow*, 528 U.S. 119, 123–24, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); *Phaneuf v. Fraikin*, 448 F.3d 591, 599 (2d Cir.2006) (holding that a citizen's conduct during a police encounter may establish reasonable suspicion for a subsequent stop and frisk); *United States v. Oates*, 560 F.2d 45, 61 (2d Cir.1977). The subsequent grab of Defendant's pocket and then retrieval of a gun from that pocket were justified as part of the *Terry* stop. *See Terry*, 392 U.S. at 23, 27, 88 S.Ct. 1868; *United States v. Casado*, 303 F.3d 440, 449 n. 5 (2d Cir.2002) (observing that the scope of a *Terry* search is not limited to a classic pat down).

Because the search was not unconstitutional, Defendant's statements were correctly admitted. Defendant argues his statement itself was nonvoluntary, however er he fails to show that coercive tactics were used to elicit that statement. *See Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

## III. Conclusion

We have considered after argument all of Defendant–Appellant's arguments and have found them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED.**